**UNITED STATES of America,**
**Appellee,**

v.

**Melvin QUINN, Appellant.**

**No. 04–2948.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 14, 2005.

Decided: March 9, 2005.

Thomas Christian Albus, U.S. Attorney's Office, St. Louis, MO, for Plaintiff–Appellee. Michael A. Skrien, Federal Public De-

fender's Office, Cape Girardeau, MO, for Defendant–Appellant.

Before WOLLMAN, MCMILLIAN, and BENTON, Circuit Judges.

PER CURIAM.

Melvin Quinn was convicted of one count of knowingly and intentionally distributing five grams or more of cocaine base, a violation of 21 U.S.C. § 841. He appeals from the sentence imposed upon him by the district court.[1] We affirm.[2]

## I.

Section 841(b)(1)(B) of Title 21 provides that an individual convicted of distributing five grams or more of cocaine base shall be sentenced to a minimum of five years and a maximum of forty years' imprisonment. When an individual commits that offense "after a prior conviction for a felony drug offense has become final," Section 841(b)(1)(B) increases the mandatory minimum from five to ten years. Because Quinn had a 1997 state felony drug conviction, the district court sentenced him to ten years' imprisonment.

Quinn asserts that the district court's conclusions that his prior state conviction constituted a felony drug offense and that the conviction had become final were both impermissible instances of judicial fact finding. These conclusions are part and parcel to the fact of a prior conviction and do not implicate constitutional concerns. *See United States v. Vieth*, No. 04–1451, 2004 WL 2559109, slip op. at 8 (8th Cir. Feb. 8, 2005) ("As to the enhancement for a prior conviction, the Supreme Court has consistently said that the fact of a prior conviction is for the court to determine, not a jury.").

## II.

Quinn argued at sentencing and now asserts on appeal that the United States Sentencing Guidelines as a whole are unconstitutional. Quinn's sentence was determined based upon the mandatory minimum sentence set forth in the governing criminal statute, not upon the application of the federal sentencing guidelines. *See Vieth*, slip op. at 8, 2004 WL 2559109. In any event, the Supreme Court has now made clear that the guidelines as a whole are not unconstitutional. *See United States v. Booker*, —— U.S. ——, ——, 125 S.Ct. 738, 768, 160 L.Ed.2d 621, —— (2005) (severing and excising two provisions of the Sentencing Reform Act of 1984 but leaving intact the remaining guidelines).

The sentence is affirmed.

---

1. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

2. We deny Quinn's February 9, 2005, pro se motion.